[No. 284. Decided November 16, 1891.]

JAMES S. BOGLE, *Appellant*, v. THE PUGET SOUND CO-OPERATIVE COLONY, *Respondent*.

APPEAL—FINAL ORDER.

An order changing the place of trial of a cause from one county to another is not such a final order that an appeal may be prosecuted therefrom to the supreme court.

*Appeal from Superior Court, Pierce County.*

Action by James S. Bogle against the Puget Sound Co-operative Colony, a corporation. The defendant filed its motion for a change of place of trial from the county of Pierce to the county of Clallam, its principal and only place of business, which motion was granted by order of the court. From such order plaintiff appeals.

*Shank & Murray,* for appellant.
*W. S. Bush,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from an order changing the place of trial, and respondent moves the dismissal for the reason that it is not an appealable order. The right of appeal is statutory, and it follows that no appeal will be sustained unless it is specially given by statute. It is true that section 1, page 336, of the Session Laws of 1890, provides that appeals may be taken to the supreme court from the superior court in all actions and proceedings (excepting the constitutional limitation as to value), but the words " actions and proceedings " must be, and always have been, construed to mean an action or proceeding which has culminated into a judgment which determines the subject matter in controversy, and not a mere interlocutory

order, but a final order.   It is not the intent or policy of
the law to put litigants to the  expense of  two lawsuits
when the matter in controversy can be settled and the
rights determined in one; or to uselessly burden the appel-
late court with a multiplicity of suits.   The final deter-
mination of this case has not been reached; upon such
determination the appellant may be the prevailing party
and have no cause of complaint, or desire to appeal.   If an
appeal were allowed from a ruling of this kind we can
scarcely conceive of a ruling of the court during the pro-
gress of the trial which would not be a subject of appeal.
The result would be that instead of a review of all the al-
leged errors in one case, this court would have to pass upon
each alleged error on a separate appeal.   The expense of
such proceeding would be enormous, and the delay out-
rageous, without a single resulting benefit.

This court has so often held that it will not hear cases
by piecemeal that it seems hardly necessary to re-affirm it.
If the lower court erred in granting the change applied for,
when the case is finally determined, and that question is
properly brought here, the court will examine it, but not
until then.

The motion is sustained, and the appeal dismissed.

ANDERS,. C. J., and HOYT, SCOTT and STILES, JJ.,
concur.